IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILIO DAVID BROWN | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| DAVID DIGUGLIEMO, *et al.* | : NO.    07-3465 |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS                                                    November 14, 2007
UNITED STATES MAGISTRATE JUDGE

      Presently before this court is a *pro se* Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Emilio David Brown ("Petitioner"), currently incarcerated at the State Correctional Institution in Graterford, Pennsylvania, seeks habeas relief based on twenty claims of ineffective assistance of counsel, one claim of insufficiency of the evidence, one claim of sentencing error, and one claim of PCRA court error. The Honorable Marvin Katz referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner's habeas claims be DISMISSED without a hearing.

**I. BACKGROUND AND PROCEDURAL HISTORY**[1]

      On March 5, 2001, after a jury trial in the Court of Common Pleas for Lancaster County, Petitioner was convicted of attempted murder, aggravated assault, robbery and theft. Ans. at 1-2. On April 16, 2001, the trial court sentenced Petitioner to an aggregate term of incarceration of twenty to forty years. *Id.* at 2. Petitioner failed to promptly pursue a direct appeal. *Id.* at 3. However, on

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition ("Pet."), the Commonwealth's Answer ("Ans.") and Memorandum of Law ("Commw.'s Mem."), inclusive of all exhibits thereto, Petitioner's Reply, Petitioner's Response to the court's order entered on November 1, 2007, and the state court record.

November 30, 2001, he filed a *pro se* PCRA petition with the trial court.[2] *Id.* The trial court appointed counsel, who filed a motion for leave to appeal *nunc pro tunc*. *Id.* The trial court granted the motion and reinstated Petitioner's direct appeal rights. *Id.*

Petitioner then filed a direct appeal. *Id.* On July 17, 2003, the Pennsylvania Superior Court affirmed Petitioner's conviction and sentence. *Id.* Petitioner did not seek allowance of appeal ("*allocatur*") in the Pennsylvania Supreme Court. *Id.* at 4.

On July 24, 2004, Petitioner filed a *pro se* PCRA petition. *Id.* at 4. The trial court again appointed counsel, who filed an amended PCRA petition. *Id.* at 5. On May 16, 2005, the trial court conducted an evidentiary hearing. *Id.* at 5-6. On January 6, 2006, the trial court denied PCRA relief. *Id.* at 6. Petitioner appealed to the Superior Court, which affirmed the denial of PCRA relief on October 25, 2006. *Id.* Petitioner then sought *allocatur*, which the Pennsylvania Supreme Court denied on April 10, 2007. *Id.* at 6-7. Petitioner did not thereafter seek *certiorari* in the United States Supreme Court.

Petitioner filed his habeas petition, containing twenty-three claims, on August 10, 2007.[3] The Commonwealth, in its answer to the petition, argues that Petitioner's claims are procedurally defaulted or lack merit. Commw.'s Mem. at 12-17.

The preceding procedural history suggested that the habeas petition might be time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, on October 31, 2007, the court ordered Petitioner to address the timeliness issue. *See* 28 U.S.C. § 2244(d); *Day v. McDonough,* 547 U.S. 198, 210 (2006) (holding that district courts are allowed to

---

[2]PCRA refers to Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-46.

[3]The Clerk of Court docketed the habeas petition on August 21, 2007. However, Petitioner is a *pro se* inmate, so his petition must be deemed filed on the date he gave it to prison officials for mailing. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner signed the habeas petition on August 10, 2007. Pet. at 11. Absent any evidence to the contrary, the court will resume this earlier date to be the filing date.

raise *sua sponte* the issue of a habeas petition's timeliness, but should give the parties notice and an opportunity to address that issue). Petitioner filed his response to this order on November 9, 2007. The court has reviewed the habeas petition, the Commonwealth's answer, Petitioner's reply to the answer, and Petitioner's response to the court's order and finds that the last claim is not cognizable and the remaining claims should be dismissed as time-barred.

## II.  DISCUSSION

### A.  Non-Cognizable Claim

Habeas relief is only available for violations of the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a).  For this reason, claims based upon state law are not cognizable.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Further, habeas review concerns only proceedings that resulted in the petitioner's conviction, not occurrences during state collateral proceedings.  *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998).  For this reason, claims premised upon problems encountered obtaining state collateral relief are inappropriate grounds for granting habeas relief.  *See id.*  Petitioner's last claim, based on errors during PCRA proceedings, is not cognizable and should be dismissed without review.  *See Hassine*, 160 F.3d at 954.

### B.  The AEDPA Period of Limitations

The AEDPA, enacted on April 24, 1996, imposes a one year period of limitations for habeas corpus petitions.  The time period begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially

>recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The Third Circuit has held that the starting date for the habeas period of limitations must be determined for each cognizable claim contained in the petition. *See Fiedler v. Varner*, 379 F.3d 113, 117-18 (3d Cir. 2004).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner's starting date for the year commenced when his conviction became final on direct appeal on August 16, 2003, the date his ability to seek *allocatur* in the Pennsylvania Supreme Court expired. *See Swartz v. Meyers,* 204 F.3d 417, 421 (3d Cir. 1999); Pa. R. App. P. 1113(a). Since none of Petitioner's claims implicate any of the alternative starting dates, the habeas period of limitations began to run on August 16, 2003. Since the habeas petition was filed almost four years later, absent statutory or equitable tolling, Petitioner's cognizable claims must be dismissed as untimely.

**C.     Statutory and Equitable Tolling**

Once the starting date for Petitioner's claims has been determined, the court must consider statutory and equitable tolling of the habeas period of limitations. Statutory tolling is provided as follows: "[t]he time that a properly filed application for state post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). A properly filed application for state collateral relief is one submitted in compliance with the applicable rules governing filings such as the form of the document, the time limits on filing, the court and office in which it must be filed

and the requisite filing fees.[4]  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Answering a question left open in *Artuz*, the Supreme Court has explained that, despite exceptions to the timely filing requirement, an untimely PCRA petition is not "properly filed" and cannot statutorily toll the federal habeas period of limitations.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005).

Equitable tolling is available only when "the principle of equity would make the rigid application of a limitation period unfair."  *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted).  The general requirements for equitable tolling are:  (1) the existence of extraordinary circumstances which have prevented Petitioner from asserting his rights, and (2) Petitioner's reasonable diligence in investigating and bringing his claims.  *Id.*

### 1.  Statutory Tolling

When Petitioner filed his PCRA petition on July 24, 2004, his habeas period of limitations was tolled as of that date, with only twenty-three days of limitations period remaining.[5]  The habeas period of limitations was tolled until the Pennsylvania Supreme Court denied *allocatur* on April 10, 2007.  *See Lawrence v. Florida*, 127 S.Ct. 1079, 1083 (2007); *Stokes v. Dist. Att'y., Phila. Co.*, 247 F.3d 539, 542 (3d Cir.), *cert. denied,* 534 U.S. 959 (2001).  On April 10, 2007, the habeas limitations period commenced to run and expired twenty-three days later on May 3, 2007.  When this habeas petition was filed, August 10, 2007, it was untimely, even considering statutory tolling.  Hence, absent equitable tolling, his cognizable claims must be dismissed.

### 2.  Equitable Tolling

Although Petitioner responded to the court's order that directed him to address why his

---

[4]The Supreme Court initially declined to decide whether the existence of exceptions to a timely filing requirement can prevent a late application from being considered improperly filed.  *Artuz,* 531 U.S. at 8 n.2.  The Court subsequently decided the question in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

[5]By the court's counting, from August 16, 2003 to July 24, 2004, 342 days of the habeas period of limitations had expired, leaving 23 days.

petition should not be dismissed as untimely, he failed to provide any explanation concerning equitable tolling. That is, he has not identified any extraordinary circumstance which caused him to wait more than twenty-three days to file his habeas petition after *allocatur* was denied on April 10, 2007. Since he is not a capital defendant, the failure to demonstrate extraordinary circumstances is alone sufficient to disqualify Petitioner from equitable tolling. *See Merritt*, 326 F.3d at 169-70. Moreover, Petitioner has also failed to demonstrate that he was reasonably diligent despite failing to file his habeas petition on time. Thus, equitable tolling cannot save his untimely habeas claims.

### III.  CONCLUSION

Petitioner's claims are not cognizable or time-barred and reasonable jurists would not debate the appropriateness of the court's procedural disposition of his claims; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

## **RECOMMENDATION**

AND NOW, this 14th day of November, 2007, for the reasons contained in the preceding Report, it is hereby RECOMMENDED that Petitioner's claims be DISMISSED, without an evidentiary hearing. Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural ruling debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability. Petitioner may file objections to this Report and Recommendation within ten (10) days of being served with a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file timely objections may constitute a waiver of any appellate rights. It be so **ORDERED**.

                                         */s/ Carol Sandra Moore Wells*
                                         CAROL SANDRA MOORE WELLS
                                         UNITED STATES MAGISTRATE JUDGE