IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMILIO DAVID BROWN,**<br>        Petitioner,<br><br>        v.<br><br>**DAVID DIGUGLIELMO, et al.,**<br>        Respondents. | **CIVIL ACTION NO. 07-3465** |

# O R D E R

**AND NOW,** this 29th day of November, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Document No. 1), the response thereto (Documents No. 8 and 9), Petitioner's reply (Document No. 10), Petitioner's response to the Magistrate Judge's November 1, 2007 Order (Document No. 14), and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (Document No. 16) and Petitioner's objections thereto (Document No. 17), it is hereby **ORDERED** as follows:

    1.  The Report and Recommendation is **APPROVED** and **ADOPTED**;

    2.  The Petition for Writ of Habeas Corpus is **DISMISSED** without an evidentiary hearing; and

    3.  A certificate of appealability should not issue, because Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with the court's procedural disposition of his claims.

Upon consideration of Petitioner's Motion for Appointment of Counsel (Document No. 2) and Motion for Discovery (Document No. 3), it is **FURTHER ORDERED** that said motions are **DENIED**.[1,2]

---

[1] "There is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding." Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991). "Any person seeking relief under § 2254 may be granted counsel, however, 'whenever the United States magistrate or the court determines that the interests of justice so require and such person is financially unable to obtain representation.'" Id. (quoting 18 U.S.C. § 3006A(g) (1988)); see also Habeas Corpus Rule 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). "Under these guidelines, the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." Id. at 263-64. "Factors influencing [the] court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Id. at 264.

Assuming that Petitioner is indigent, the court finds that the remaining factors weigh against granting Petitioner's motion for appointment of counsel. As the Magistrate's report and recommendation reveals, Petitioner's claims are either time-barred or not cognizable in habeas, so even if the Petition is not frivolous, the appointment of counsel would benefit neither Petitioner nor the court. Moreover, the court finds that the factual and legal issues in the Petition are relatively simple, and that Petitioner's filings in this action have demonstrated sufficient ability to present his claims and arguments and respond to court orders and deadlines without the assistance of court-appointed counsel. See Stocklin v. Klem, No. Civ. A. 03-954, 2004 WL 1535790, at *7 (E.D. Pa. Feb. 26, 2004); Kim v. Klem, No. Civ. A. 03-1628, 2003 WL 22204549, at *12 n.15 (E.D. Pa. July 31, 2003). The court therefore will deny Petitioner's motion for appointment of counsel.

[2] "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases reads as follows: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." The requisite good cause for discovery in a habeas action is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)); see also Advisory Committee's Note on Habeas Corpus Rule 6, 28 U.S.C., p. 479 (noting that Habeas Corpus Rule 6 is meant to be "consistent" with Harris); 26 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 671.03[7][a] (3d ed. 2003). "[In such a case,] it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Id. at 909 (quoting Harris, 394 U.S. at 300).

(continued...)

**BY THE COURT:**

/s/ Marvin Katz

_____

**MARVIN KATZ, S.J.**

---

[2](...continued)

The court will deny Petitioner's motion for discovery, because there is no "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09. As the Magistrate's report and recommendation reveals, Petitioner's claims are either time-barred or not cognizable in habeas, so even if the Petition is not frivolous, the requested discovery on the merits of Petitioner's claims would benefit neither Petitioner nor the court. Cf. Williams v. Bagley, 380 F.3d 932, 974-76 (6th Cir. 2004) (noting that discovery requests relating to procedurally defaulted claims were properly denied because discovery could not lead to a colorable basis for relief on those claims); Peterkin v. Horn, 30 F. Supp. 2d 513, 518-20 (E.D. Pa. 1998) (same).